UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARLA MELISSA MENENDEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. M-08-348 |
| § | |
| WAL-MART STORES, INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER DENYING PLAINTIFFS' MOTION FOR REMAND AND MOTION TO STRIKE AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

**I.    Introduction**

Now before the Court are Plaintiffs' Motion for Remand (Doc. 17), Plaintiffs' Motion to Strike the Affidavit of Ed Hess (Doc. 18), and Defendants' Motion for Leave to File Amended Notice of Removal (Doc. 31).[1] Plaintiffs Marla Melissa Menendez, individually and as representative of the Estate of Humberto Gustavo Menendez, deceased, Adelfa Mancillas de Menendez, Grisell Menendez Mancillas, Alicia Beatriz Menendez Mancillas, Marlene Menendez Mancillas, and Ana Teresa Menendez Mancillas ("Plaintiffs") originally filed this wrongful death action against Defendants[2] in the 93rd Judicial District Court, Hidalgo County, Texas, on

---

[1] Certain Defendants have also filed a motion to dismiss, to which Plaintiffs responded with a request to stay briefing related to the motion to dismiss until resolution of the motion for remand. (Docs. 8, 13). For the reasons explained *infra*, the Court finds that the request for remand should be denied. Plaintiffs' Motion to Stay Briefing Relating to Defendants' ("The Walton Entities") Motion to Dismiss (Doc. 13) is therefore moot.

[2] Defendants are "Wal-Mart" (Wal-Mart Stores, individually and d/b/a Wal-Mart DC Construction and d/b/a Wal-Mart Architectural Group; Wal-Mart Stores East, LP; and Wal-Mart Realty Company); "Walton" (Walton Construction Company, Inc. and Walton Construction Company, LLC); "Carter & Burgess" (Carter & Burgess, Inc. a/k/a Jacobs Carter & Burgess); "Jacobs" (Jacobs Engineering Group, Inc. a/k/a Jacobs Carter & Burgess and Jacobs Engineering, Inc. a/k/a Jacobs Carter & Burgess); "Hansen-Rice" (Hansen-Rice, Inc.); "Nes" (Nes Rentals Holdings, Inc.; Nes Equipment Services

October 29, 2008. (Doc. 1, Attach. 2). Plaintiffs allege that on November 20, 2006, decedent Humberto Gustavo Menendez suffered debilitating injuries while working on Defendants' premises/project, which later resulted in his death. *Id.* The deceased was allegedly injured while operating a lift designed and manufactured by Defendant JLG. *Id.* Plaintiffs allege negligence against Defendants Wal-Mart, Carter & Burgess, Jacobs, and Hansen-Rice "in the design, build, construction, and supervision of the premises and/or the JLG lift," against Defendant Nes "in the maintenance of the JLG lift," and against Defendant JLG "in the design and manufacture of the JLG lift," as well as strict liability against JLG. *Id.*

Defendants Wal-Mart Stores, Inc., individually and d/b/a Wal-Mart DC Construction and d/b/a Wal-Mart Architectural Group and Hansen-Rice ("Removing Defendants") removed the action to this Court on November 26, 2008. (Doc. 1). These Defendants contend in their original Notice of Removal that "[r]emoval is proper because plaintiffs joined [Carter & Burgess] solely to defeat diversity jurisdiction." *Id.* They claim that Plaintiffs failed to file the affidavit required by Texas Civil Practices and Remedies Code § 150.002(a) with respect to Plaintiffs' negligence cause of action against Carter & Burgess, thus eliminating any reasonable basis for recovery against this Defendant in state court. *Id.* Plaintiffs now move to remand, asserting both that Removing Defendants have failed to allege jurisdictional facts sufficient to support removal and, in the alternative, that Carter & Burgess is a properly joined defendant. (Doc. 17). Plaintiffs also seek to strike the affidavit of Ed Hess attached to the Notice of Removal and, in doing so, to preclude the Court from considering it in determining whether improper joinder has occurred. (Doc. 18). In response to Plaintiffs' allegations of defects in Removing Defendants' jurisdictional allegations, all Defendants move to amend the Notice of

---

Corporation, formally known as Nes Partners, LLC, f/k/a Nes Partners, Inc., a/k/a (assumed) Nes Rentals; and Nes Equipment Rental, LP); and "JLG" (JLG Industries, Inc.). (Doc. 1, Attach. 2).

Removal to correct any purported defects. (Doc. 31). The Court will consider each of these motions herein.

**II. Analysis**

**A. Defendants' Motion for Leave to File Amended Notice of Removal**

In order to address Plaintiffs' initial grounds for remand, the Court must simultaneously consider Defendants' request to amend the Notice of Removal. As indicated *supra*, Plaintiffs claim that remand is warranted because Removing Defendants have failed to allege jurisdictional facts sufficient to show that diversity jurisdiction exists—that is, that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that complete diversity of citizenship exists among the parties. (Doc. 17); *see* 28 U.S.C. § 1332(a). In arguing for and against remand on this basis, the parties devote some argument to whether Plaintiffs waived their ability to challenge the absence of any specific averment of the amount in controversy or the parties' citizenship. (Docs. 33, 40). The Court need not resolve this issue, however, as it finds that Defendants should be allowed to amend the Notice of Removal to correct the deficiencies alleged.

Admittedly, the original Notice of Removal does not state any amount in controversy or allege the citizenship of the parties and, therefore, renders Removing Defendants' jurisdictional allegations insufficient to support this Court's exercise of diversity jurisdiction. (Doc. 1); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)(failure to adequately allege basis for diversity jurisdiction mandates dismissal); *Illinois Cent. Gulf R.R. Co. v. Pargars, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983)(basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). However, courts have the authority to allow amendments to "[d]efective allegations of

jurisdiction" at the trial court level and even on appeal. *See* 28 U.S.C. § 1653. Section 1653 "is to be liberally construed," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988), and has been interpreted by the Fifth Circuit to allow a party to cure "technical defects or failure to specifically allege the citizenship of a party" so long as the amendment "would not create jurisdiction where it did not previously exist." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887-888 (5th Cir. 2000); *see also D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir. 1979)(§ 1653 authorizes filing of amended notice of removal to cure failure to specifically allege citizenship of parties). Here, the original Notice of Removal appeals to diversity jurisdiction by claiming that Plaintiffs joined Carter & Burgess to defeat diversity. (Doc. 1). The record contains no indication that the jurisdictional *facts* supporting the exercise of diversity jurisdiction did not exist at the time of removal; Removing Defendants simply failed to *allege* those facts with the requisite specificity. This is the kind of omission that § 1653 is meant to remedy. *See Stafford*, 945 F.2d at 806 (§ 1653 provides method for curing defective allegations of jurisdiction where defect "is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship"). Therefore, the Court will allow Defendants to file the Amended Notice of Removal to more specifically allege the amount in controversy and the citizenship of the parties.

**B.     Amount in Controversy**

The Court now turns to Plaintiffs' argument that Defendants have failed to meet their burden to establish the requisite amount in controversy, and therefore remand is warranted. (Docs. 17, 40, 48).[3] Where, as here, a plaintiff's petition does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the

---

[3] The Court's resolution of Defendants' motion for leave forecloses any argument that the Notice of Removal fails to *allege* the requisite amount in controversy. (Doc. 32).

amount in controversy exceeds the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant can meet its burden by showing that "it is facially apparent" from the plaintiff's petition that the "claims are likely above [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Here, relatives of the decedent and the representative of his estate seek recovery for damages "which include, but are not limited to personal injuries…, physical and mental pain and suffering, medical expenses, lost wages, wrongful death, funeral expenses, and other pecuniary damages." (Doc. 1, Attach. 2). Plaintiff Adelfa Mancillas de Menendez also seeks damages for loss of companionship and consortium. *Id.* As noted by Defendants, the Fifth Circuit held that it was facially apparent that claims for "wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses" raised by relatives of deceased plane crash victims and the personal representatives of the decedents' estates exceeded the jurisdictional amount for each plaintiff. *DeAguilar*, 11 F.3d at 56-57.[4] Even if, in the present case, it is not facially apparent that *each* plaintiff has claims that exceed the jurisdictional minimum, Defendants also point out that aggregation of damages allegedly owed to separate plaintiffs is permitted where "'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Allen*, 63 F.3d at 1330 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). Two of the recognized guidelines for determining whether aggregation is appropriate are that the plaintiffs' "respective rights to

---

[4] Plaintiffs contend that Defendants' reliance on *DeAguilar* is misplaced because the defendants in that case met their burden by showing that the same plaintiffs had pled damages in excess of the jurisdictional threshold in other courts for the same injuries. (Doc. 40). However, the Fifth Circuit referred to this evidence as *alternate* grounds for affirming the district court's finding that the amount in controversy had been met for each plaintiff. *DeAguilar*, 11 F.3d at 57-58. Once it determined that the amount in controversy was "facially apparent," the court did not need to consider additional evidence offered to support a finding of the requisite amount in controversy. *See id.*; *see also Allen*, 63 F.3d at 1335 (when value of claim is *not* apparent, defendant may support federal jurisdiction by setting forth facts—either in the petition or by affidavit—that support a finding of the requisite amount).

damages arise from the same legal source" and "the defendant has no interest in the apportionment of an award among the plaintiffs." *Allen*, 63 F.3d at 1330-31. Clearly, Plaintiffs' rights to damages arise from the same source: the Texas Wrongful Death Act, which contemplates that "only one suit shall be brought…for the benefit of all parties entitled to recover." *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex.App.-San Antonio 1997, pet. denied)(citing TEX. CIV. PRAC. & REM. CODE § 71.004). Although the Act allows for the apportionment of damages among those parties, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 71.010 (Vernon 2008), it cannot be said that Defendants have any interest in such apportionment. As the court noted in *Allen*,

> Plaintiffs, of course, may have strong interests in the eventual distribution of awards, but the ultimate separability of a claim does not defeat its integrated quality. "Occasionally, plaintiffs seek to enforce an interest that is separable amongst themselves. In such cases, the common nature of the plaintiffs' interest vis-à-vis the defendant dictates that aggregation is proper."

*Allen*, 63 F.3d at 1331 (quoting 1 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.97[3], at 921 (2d ed. 1995)).

Here, the "integrated quality" of Plaintiffs' claims makes aggregation appropriate. Moreover, the Fifth Circuit has already concluded that aggregation was proper in an action in which the plaintiffs sought "to enforce a single right of action for the wrongful death of their sister." *Kelly v. Hartford Accident & Indem. Co.*, 294 F.2d 400, 409 (5th Cir. 1961). When aggregated, Plaintiffs' claims clearly exceed $75,000.

For all of these reasons, Defendants have met their initial burden to establish the requisite amount in controversy. In such case, a plaintiff can defeat removal only by proving to a "legal certainty" that his recovery will not exceed $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002). The plaintiff may accomplish this by identifying a statute or by filing a binding stipulation that so limits his recovery. *Id.* Plaintiffs in this case have done

neither; therefore, they are not entitled to remand on the grounds that the amount in controversy has not been met.

C.     **Improper Joinder**

1.     **Standard of Review and Plaintiffs' Motion to Strike the Affidavit of Ed Hess**

The Court now turns to the final issue on which the resolution of Plaintiffs' motion for remand depends: whether Plaintiffs improperly joined Defendant Carter & Burgess to defeat diversity jurisdiction. (Doc. 17).[5] The doctrine of improper joinder constitutes a "narrow exception" to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell v. Stone Ins.*, 509 F.3d 665, 669 (5th Cir. 2007)(quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the in-state defendant in state court. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc)(quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Defendants in the present case have not claimed any actual fraud; therefore, this Court's inquiry is limited to whether a reasonable basis exists for predicting that Plaintiffs might be able to recover against Carter & Burgess, the in-state defendant. "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)(emphasis omitted). The Fifth Circuit has likened this inquiry to the standard of review for

---

[5] Defendants' Amended Notice of Removal sufficiently alleges that but for the joinder of Carter & Burgess, the parties are diverse in citizenship and were at the time of removal. (Doc. 32). On July 1, 2009, Defendant JLG supplemented the record with evidence of diversity of citizenship among *all* the parties, including Carter & Burgess, in which case the Court's inquiry becomes whether Plaintiffs joined Carter & Burgess to prevent *removal* on grounds of diversity. *See* 28 U.S.C. § 1441(b)(diversity action shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). In any event, the question of improper joinder remains. *See id.*

evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Campbell*, 509 F.3d at 669; *Smallwood*, 385 F.3d at 573. In other words, the court considers the allegations of the complaint to determine whether the plaintiff states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Ordinarily, no improper joinder exists if a plaintiff survives this Rule 12(b)(6)-type analysis. *Id.* However, in cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may, in its discretion, "pierce the pleadings" and conduct a summary judgment-type inquiry. *Id.* Whether the court conducts a 12(b)(6) or summary judgment-type inquiry, it must resolve all contested fact issues and ambiguities in state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

Plaintiffs' only claims against Carter & Burgess are that this Defendant, along with Defendants Wal-Mart, Jacobs, and Hansen-Rice, was "negligent in the design, build, construction, and supervision of the premises and/or the [JLG] lift by failing to recognize, eliminate, or control hazards, which resulted in the injury and subsequent death of the decedent…." (Doc. 1, Attach. 2). Defendants do not dispute that Plaintiffs' negligence claims against Carter & Burgess survive a 12(b)(6)-type analysis. Rather, to support their argument that Plaintiffs improperly joined Carter & Burgess, Defendants have attached the affidavit of Ed Hess, Carter & Burgess's Senior Project Manager, to the Notice of Removal. (Doc. 32, Ex. 1). In conjunction with their motion for remand, Plaintiffs move to strike this affidavit because "it contains conclusory statements and is not relevant for purposes of removal." (Doc. 18). In other words, Plaintiffs want the Court to refrain from conducting a summary inquiry in determining whether improper joinder has occurred. *See id.* However, as discussed more fully *infra*, the resolution of Defendants' improper joinder argument turns on discrete facts within the personal

knowledge of Mr. Hess and undisputed by Plaintiffs' controverting argument and evidence concerning (1) Carter & Burgess's role in the "design build" project on which the deceased was working when injured and (2) the filing of a "certificate of merit" required to support Plaintiffs' negligent "design" claim. Therefore, the Court will deny Plaintiffs' motion to strike and consider the affidavit of Mr. Hess in determining whether improper joinder has occurred.

According to Defendants, the facts set forth in Mr. Hess's affidavit demonstrate that (1) Carter & Burgess had no role in the "build," "construction," or "supervision" of the premises or the JLG lift, and therefore owed no legal duty to the decedent sufficient to support a claim against Carter & Burgess under these theories of negligence; and (2) Plaintiffs' failure to file the "certificate of merit" required by Texas Civil Practices and Remedies Code § 150.002(a) with respect to any remaining claim against Carter & Burgess for negligent "design" mandates dismissal of this claim. (Docs. 32, 33, 44). Defendants thus contend that Plaintiffs have no reasonable possibility of recovery against Carter & Burgess under any of the stated theories of negligence. *Id.*

**2. Negligent "Build," "Construction," and "Supervision" Claims**

It is well-settled that Plaintiffs' negligence claims against Carter & Burgess require them to first establish the existence of a duty owed by this Defendant to the decedent. *See, e.g.*, *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). In premises liability cases like this one, the plaintiff must prove that the defendant had control over and responsibility for the premises before a duty can be imposed on the defendant. *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 592 (Tex.App.-Fort Worth 2008, pet. denied)(citing *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)). The control that the defendant had over the premises must relate to the condition or activity that caused the injury. *Dukes*, 252

S.W.3d at 592 (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527-28 (Tex. 1997)).

Mr. Hess has the requisite personal knowledge to attest that Carter & Burgess provided only architectural and engineering design services for the Wal-Mart Mechanized Distribution Center located in Gas City, Indiana (the "design build" project at issue) pursuant to its contractual relationship with Defendant Wal-Mart, that it has no contractual relationship with any other Defendant or with the decedent, that it did not actually construct the project or specify what type of lift equipment, if any, should be used for construction, and that it performed most of its duties off-site and did not have an employee present on the premises at the time the decedent was injured. (Doc. 32, Ex. 1). These facts demonstrate that Carter & Burgess did not have the requisite control over and responsibility for the build, construction, and supervision of the condition or activity that caused the incident in question.

In response, Plaintiffs argue that a copy of a page from Carter & Burgess's website "proudly states that 'for over 20 years' it has provided comprehensive services for Wal-Mart Distribution Center programs." (Doc. 40; Doc. 40, Ex. 1). As Defendants point out, however, the text of the exhibit actually states that Carter & Burgess "has been providing comprehensive *architecture and engineering services*" for the Distribution Center Program. (Doc. 40, Ex. 1)(emphasis added); (Doc. 44). Plaintiffs also claim, without more, that "public information relating to the subject Wal-Mart Distribution Center…also belie[s] the accuracy of Defendants' affidavit," although the exhibit to which Plaintiffs refer identifies Carter & Burgess as the "Architect" and "Structural, Mechanical, and Electrical Engineer" for the Distribution Center in Gas City and does not list Carter & Burgess as a general contractor. (Doc. 40; Doc. 40, Ex. 2). In other words, Plaintiffs' evidence provides further support for Defendants' claim that Carter &

Burgess provided only architectural and engineering services for the project at issue and did not exercise the requisite degree of control with respect to the build, construction, and supervision of the premises or the JLG lift. Plaintiffs' additional argument that Carter & Burgess could have been supervising off-site, and that its involvement in a "design build" project indicates control over both design *and* build, are merely attempts to create theoretical bases for recovery. (Doc. 40). Based on the undisputed facts within the personal knowledge of Mr. Hess, the Court finds that Plaintiffs have no reasonable possibility of recovery against Carter & Burgess on their negligent build, construction, and supervision claims.

### 3. Negligent "Design" Claim

Defendants assert that Plaintiffs' only remaining claim against Carter & Burgess for negligent "design" implicates the following relevant language in § 150.002 of the Texas Civil Practices and Remedies Code:

(a) In any action…for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect…or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer…or licensed architect shall be licensed in this state and actively engaged in the practice of architecture…or engineering.

….

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a)…shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (Vernon 2008); (Docs. 32, 33, 44).[6] The statute defines "licensed or registered professional" as "a licensed architect…, licensed professional engineer, or any firm in which such licensed professional practices, including but not limited to a

---

[6] Section 150.002 is entitled "Certificate of Merit."

corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity." TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1). The language of the statute and interpretive case law indicate, without ambiguity, that the "certificate of merit" requirement set forth in § 150.002 applies to negligence claims. *See id.* § 150.002(a)(requiring affidavit to set forth "at least one *negligent* act, error, or omission claimed to exist and the factual basis for such claim")(emphasis added); *Consol. Reinforcement, L.P. v. Carothers Executive Homes*, 271 S.W.3d 887, 890-95 (Tex.App.-Austin 2008, no pet.)(concluding that requirement applies *only* to negligence causes of action and those in which negligence is necessary element); *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395 (Tex.App.-Beaumont 2008, no pet.)(considering sufficiency of certificate in support of plaintiffs' negligence and gross negligence causes of action); *Gomez v. STFG, Inc.*, 2007 WL 2846419, at *2-3 (Tex.App.-San Antonio Oct. 3, 2007, no pet.)(no certificate required for non-negligence claims); *Kniestedt v. Sw. Sound & Elecs.*, 2007 WL 1892220, at *2 (Tex.App.-San Antonio July 3, 2007, no pet.)("The plain wording of the statute leads us to conclude that the legislature intended for the [certificate] requirement to apply only to actions alleging negligence; otherwise, it would not have specified that the 'affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist.'"); *Leland Med. Ctrs., Inc. v. Weiss*, 2007 WL 11341995, at *2 (E.D.Tex. May 7, 2007)("In actions involving some negligence, error or omission on the part of the architect, a certificate is required.").

Mr. Hess's affidavit provides support for Defendants' contention, undisputed by Plaintiffs, that Carter & Burgess is a firm in which licensed architects and/or professional engineers practice. (Doc. 32; Doc. 32, Ex. 1). Therefore, any negligence claim by Plaintiffs "for damages arising out of professional services" by this Defendant triggers the certificate of merit

requirement of § 150.002(a). In other words, with respect to any such claim, Plaintiffs must have filed the expert's affidavit setting forth "at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim" with their Original Petition or face dismissal of that claim, either with or without prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a), (d); *Palladian Bldg. Co., Inc. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 432 n.2 (Tex.App.-Fort Worth 2005, no pet.)(interpreting statute's directive that plaintiff file affidavit with its "complaint" to pertain to plaintiff's filing of "petition" that commences civil suit).[7] The discrete, undisputed facts set forth in Mr. Hess's affidavit make clear that Plaintiffs' negligent design cause of action against Carter & Burgess arises out of this Defendant's provision of professional architectural and/or engineering services. Further, Plaintiffs do not attempt to dispute Mr. Hess's statement that they did not file the certificate of merit with their Original Petition. (Doc. 32, Ex. 1). Therefore, Plaintiffs have no possibility of maintaining their negligent design claim against Carter & Burgess in this action.

### 4. Plaintiffs' Additional Arguments

Plaintiffs' motion for remand opposes Defendants' allegations of improper joinder on two additional bases. (Doc. 17). First, Plaintiffs contend that Defendants lack standing to raise legal defenses belonging to Carter & Burgess. *Id.* However, it is well-settled that a defendant alleged to have been improperly joined need not join in a removal petition. *See*, *e.g.*, *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). In such case, the removing defendant *must* raise arguments regarding the possibility of recovery against the in-state defendant in order to support removal. Plaintiffs also claim that Defendants have failed to establish that § 150.002(a) "is

---

[7] Plaintiffs point out that § 150.002(b) provides an exception to the certificate of merit requirement. (Doc. 33). However, that exception applies only in cases "in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit…could not be prepared." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(b). Plaintiffs provide no argument or evidence to suggest that these circumstances exist in the present case.

equally dispositive of all Defendants in this case," and therefore the Fifth Circuit's decision in *Smallwood*, *supra*, disallows removal on the basis of improper joinder. (Doc. 17). Plaintiffs' argument evinces a misunderstanding of *Smallwood*, which in fact directs that *no* improper joinder has occurred where "there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is equally dispositive of all defendants." *Smallwood*, 385 F.3d at 576. In other words, a finding of improper joinder is appropriate *because* the defenses belonging to Carter & Burgess do not apply equally to all Defendants.

**D.** **Attorney's Fees**

Finally, the Court notes that Plaintiffs' motion for remand requests an award of attorney's fees under 28 U.S.C. § 1447(c) on the grounds that no objectively reasonable basis for removal exists. (Doc. 17). For the reasons explained *supra*, Defendants properly removed the case. Therefore, Plaintiffs do not merit an award of attorney's fees.

**III.** **Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Motion for Remand (Doc. 17) and Motion to Strike the Affidavit of Ed Hess (Doc. 18) are hereby **DENIED** and Defendants' Motion for Leave to File Amended Notice of Removal (Doc. 31) is hereby **GRANTED**. Therefore, Plaintiffs' Motion to Stay Briefing Relating to Defendants' ("The Walton Entities") Motion to Dismiss (Doc. 13) is **MOOT**. Plaintiffs are hereby **ORDERED** to respond to the Motion to Dismiss (Doc. 8) within 20 days of the date of this Order.

SO ORDERED this 31st day of July, 2009, at McAllen, Texas.

_____
Randy Crane
United States District Judge