# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| HUMBERTO GUSTAVO MENENDEZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-00053 |
| ) | |
| WAL-MART STORES EAST L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on two motions to compel filed by Plaintiffs, requesting that the Court compel Defendants JLG Industries, Inc. ("JLG") (Docket # 162); NES Rentals Holdings, Inc.; NES Equipment Services Corporation; and NES Equipment Rental, L.P. (together, "NES") (Docket # 164), to fully answer or respond to their first set of interrogatories and first request for production of documents. Oral argument was heard on the motions on July 30, 2010. (Docket #172.) For the following reasons, Plaintiffs' motion to compel JLG will be GRANTED IN PART and DENIED IN PART, while their motion to compel NES will be DENIED.

### *A. Factual and Procedural Background*

Plaintiffs sued Defendants for negligence in Hidalgo County, Texas, District Court after Humberto Gustavo Menendez became pinned between an overhead steel structure and an aerial lift basket on November 20, 2006, resulting in his subsequent death. (Docket # 1.) The subject lift, an E400AN model, was designed and manufactured by JLG and apparently rented to building contractors by NES. (Docket # 1.)

Defendants timely removed this case to federal court in the Southern District of Texas on November 26, 2008, under 28 U.S.C. § 1332(a). (Docket # 1.) On July 3, 2009, Plaintiffs issued their first request for production of documents and first set of interrogatories to NES, and NES responded or answered on August 27, 2009. (Pls.' Mot. to Compel NES 2.)

On February 11, 2010, the case was transferred to the Northern District of Indiana. (Docket # 116.) On June 8, 2010, a scheduling conference was conducted, at which the Court set a June 21, 2010, deadline for the filing of any new motions to compel, and an August 1, 2011, deadline for the completion of all discovery. (Docket # 160.) On June 14, 2010, JLG responded or answered Plaintiffs' first request for production of documents and first set of interrogatories. (Pls.' Mot. to Compel JLG 2.)

On or about June 17, 2010, Plaintiffs and JLG participated in a "meet and confer" conference in an attempt to resolve their outstanding discovery issues. (Pls.' Mot. to Compel JLG 2, Ex. 5.) After the conference, JLG sent a letter to Plaintiffs, stating that it would consider amending certain responses or answers. (Pls.' Mot. to Compel JLG 2, Ex. 5.)

The next day, June 18, 2010, Plaintiffs and NES conducted a similar conference concerning their outstanding discovery issues. (Pls.' Mot. to Compel NES 2.) Later that same day, NES's counsel faxed a letter to Plaintiffs' counsel stating that NES would supplement most of their responses and answers on or before July 23, 2010. (NES's Resp. 10, Ex. A.)

Shortly thereafter, on June 21, 2010, Plaintiffs filed the two instant motions to compel. (Docket # 162, 164.)

### B. Standard on a Motion to Compel Discovery

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged

2

matter that is relevant to any party's claim or defense . . . ." For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

## C. Discussion

### 1. Plaintiffs' Motion to Compel JLG

<u>Document Request Nos. 12 through 20, and 22</u>. Plaintiffs seek documents pertaining to the design, hazards, risk, warnings, engineering, reviews, and safety of the subject lift and "lifts similar in design", which Plaintiffs define in the Requests as "any aerial work platforms or lifts manufactured and/or designed by JLG from 1990 to present." (Pls.' First Req. for Produc. of Docs. to JLG 4.) In requesting this information, Plaintiffs assert that the "'hazards' and 'risks' associated with aerial lifts are similar regardless of differing models." (Pls.' Mot. to Compel 11.)

JLG, however, asserts that the definition of "lifts similar in design" advanced in the Requests is overly broad and that responding to the Requests would be unduly burdensome. In support of this contention, it has produced the Affidavit of Brent Hoover, the Manager of Product Safety and Reliability Department for JLG, who states that JLG has manufactured approximately 400,000 "aerial work platforms or lifts" since 1990. (Hoover Aff. ¶ 10.) JLG

further emphasizes that the twenty-year time span that these Requests encompass precedes the production of the subject lift, the E400AN, by more than ten years and extends to over three years past the date of Menendez's injury.

JLG's argument is well-taken. Plaintiffs' request to allow discovery into "systems safety analysis" or similar avenues untethered to any identifiable defect in the lift device is overly broad and vague. Plaintiffs have not produced any case law that allows such a wide-ranging avenue of discovery, nor has the Court discovered any in its own research.

JLG has supplemented its discovery responses to produce the responsive documents pertaining to the E400 series of boom lifts (the eight models included in the operator's manual for the E400AN), for the years of 2001 (the first year that the E400AN was produced) through 2006 (the year of Menendez's injury). This disclosure is on its face a reasonable response to the discovery sought, *see Tolstih v. L.G. Elecs., USA, Inc.*, No. 2:07-cv-582, 2009 WL 439564, at *7 (S.D. Ohio Feb. 20, 2009), and therefore Plaintiffs' motion is DENIED with respect to Requests 12 through 20, and 22. Of course, in the event Plaintiffs produce an expert opinion identifying certain "pertinent characteristics" that would be relevant in determining "substantially similar" lifts in addition to the E400 series, the Court may reconsider the limitations imposed on these Requests. *See id.*; *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224-25 (N.D. Ill. 1997).

Document Request No. 21. Plaintiffs complain that JLG inadequately answered this Request pertaining to JLG's compliance with "standards" for the lift because it did not produce a copy of the relevant OSHA regulations. JLG, however, has since provided these regulations to Plaintiffs, and thus the motion to compel is DENIED with respect to Request No. 21.

Document Request No. 23. Plaintiffs also complain that JLG inadequately answered this

4

Request seeking the resumes of the engineers responsible for the design of the subject lift. JLG responds that no single engineer or small number of identifiable engineers were responsible for the overall design of the subject lift, and then offers that Brent Hoover is knowledgeable about the lift. In so doing, however, JLG makes no representation concerning the actual or potential number of engineers who contributed to the design so the Court can gauge the burden of responding.

In short, JLG's cursory response is inadequate. Plaintiffs have failed to explain how the production of the resumes of the engineers responsible for the design of the subject lift, even if more than a "small identifiable number", is overly burdensome. Therefore, the motion to compel with respect to Request No. 23 is GRANTED.

Document Request Nos. 24 and 25. The Court deems Requests Nos. 24 and 25, which seek the engineering drawings of the electrical circuits and hydraulic system of the subject lift, adequately answered, and thus the motion to compel with respect to these two Requests is DENIED.[1]

Interrogatory No. 1. The Court deems Interrogatory No. 1, which inquires about any interviews or written statements of witnesses, adequately answered, as JLG states that it has not yet conducted any interviews or obtained any statements. Thus, the motion to compel with respect to this Interrogatory is DENIED.

With respect to JLG's objection under the attorney-client privilege and work-product doctrine concerning its duty to supplement this answer in the future, *see* Fed. R. Civ. P. 26(e), it

---

[1] Though Plaintiffs included Request Nos. 1 and 26 through 31 in their motion to compel, they conceded at the hearing that JLG's responses to these Requests were no longer in issue.

is SUSTAINED IN PART and OVERRULED IN PART. The identity of witnesses who have information or who have made statements and a brief statement of the substance of the information they possess are discoverable factual information. *See E.E.O.C. v. Jewel Food Stores, Inc*., 231 F.R.D. 343, 346-48 (N.D. Ill. 2005) ("Competent counsel routinely obtain information through interviewing witnesses and reviewing documents, and are able to provide interrogatory responses that set forth only that factual information without revealing [their] 'mental processes, impressions and strategies.'").

Nonetheless, interrogatories "cross [the] line" with respect to attorney work product if they seek not only who has been interviewed and a brief statement of what they said, but also who conducted the interview. *Id*. Therefore, JLG must supplement its answer to this Interrogatory in accordance with Rule 26(e), except that it need not disclose information concerning the person who obtained the witness's statement or interview.

Interrogatory No. 14. Plaintiffs asks JLG to name "each and every fact" in support of its affirmative defenses. However, "[t]o require specifically 'each and every' fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. The burden to answer then outweighs the benefit to be gained." *Gregg v. Local 305 IBEW*, No. 1:08-cv-160, 2009 WL 1325103, at *6 (N.D. Ind. May 13, 2009) (citation omitted); *see also Norwood v. Radtke*, No. 07-cv-624-bbc, 2008 WL 3852083, at *2 (W.D. Wis. Feb. 26, 2008) ("[P]laintiff cannot simply ask defendants to give him a copy of everything . . . that they intend to use to defend against his claims. This puts an impossible burden on defendants and it invades their attorney-client and work product privileges."). Therefore, the motion to compel with respect to

Interrogatory No. 14 is DENIED.

Interrogatory No. 15. The Court deems Interrogatory No. 15, which seeks the name of all organizations of which JLG is a member, adequately answered, and thus the motion to compel with respect to this Request is DENIED.

Interrogatory No. 16. Plaintiffs seek the name and address of any "safety manager", "safety engineer", or "certified safety professional . . . who was involved in the design of the subject lift or lifts similar in design." While JLG adequately answered this Interrogatory with respect to the subject lift, it failed to do so with respect to "lifts similar in design", which the Court has deemed limited to the eight lifts in the E400 series. Therefore, Plaintiffs' motion to compel is GRANTED with respect to this Interrogatory, and JLG is ORDERED to supplement its answer with respect to all the lifts in the E400 series.

Interrogatory No. 17. Plaintiffs seek the number of units of aerial lifts sold by JLG to the Department of Defense, asserting that this information is relevant because the Defense Department has required "system safety analysis" from its vendors. This request is overly broad because it extends to all aerial lifts sold by JLG. Plaintiffs answered this Interrogatory with respect to the E400 series, and the Court finds this limitation reasonable. *See Tolstih*, 2009 WL 439564, at *7. Therefore, Interrogatory No. 17 has been adequately answered, and thus the motion to compel with respect to this Request is DENIED. Of course, in the event Plaintiffs produce an expert opinion identifying certain pertinent characteristics that would be relevant in determining substantially similar lifts in addition to the E400 series, the Court may reconsider the limitation imposed on this Interrogatory. *See id.*; *Piacenti*, 173 F.R.D. at 224-25.

Interrogatory No. 18. Plaintiffs ask JLG to identify any person who has made a

complaint relating to aerial lifts similar in design from 1995 to the present. JLG asserts that this Interrogatory is overly broad and vague due to its fifteen-year time period, the inclusion of "similar" lifts, and the failure to limit the request to similar incidents. It then limited its answer to produce any complaints involving "crushing injuries to the occupant of the platform of a JLG E400 series boom lift prior to the accident in question."

JLG has unreasonably limited its answer. Complaints involving any crushing or pinning injuries between an overhead structure and the basket or platform of *any* lift sold by JLG from 1995 to the present may indeed be relevant or lead to the discovery of relevant evidence, and there is no indication that such a request would be unduly burdensome to JLG. Therefore, the motion to compel with respect to Interrogatory No. 18 is GRANTED, in that JLG is directed to answer the Interrogatory as written with the additional limitation that the complaints must involve crushing or pinning injuries between an overhead structure and the lift basket or platform.

### 2. *Plaintiffs' Motion to Compel NES*

<u>Document Request No. 6</u>. Plaintiffs seek from NES the entire investigation file of NES's insurer. NES has produced (or identified on a privilege log) the portion of the file that it contributed to its insurer's investigation, but objects to the production of the remaining portion. It argues that the file is in its insurer's possession and that NES has "no legal right to compel [its] production." (NES's Resp. 6.)

Plaintiffs can compel production of discoverable documents from NES "only if [NES] physically possesses such materials or has the right to obtain such documents." *Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 568 (S.D. Ind. 1990); *see also In re Bankers Trust Co.*, 61

F.3d 465, 469 (6th Cir. 1995) (explaining that federal courts have consistently held that documents are in the "possession, custody or control" of the served party if "the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand"). Here, NES has asserted that it has no "possession, custody, or control" over its insurer's investigation file, but has not explained why. *See Henderson*, 131 F.R.D. at 567 ("In an insurance setting . . ., the focus should be on the contract between the insured and the insurer, and the relevant state law on the issue of whether the insured has the legal right to obtain various materials held in the insurer's files.").

Consequently, NES is ORDERED to execute an affidavit with respect to Request No. 6, stating under oath (1) that after diligent search there are no responsive documents in its "possession, custody or control," as that term is defined *supra*, other than those previously produced, *see, e.g., Wilson v. Kautex,* No. 1:07-cv-60, 2008 WL 162645, at *7 (N.D. Ind. Jan. 14, 2008), and (2) explaining why it has no "possession, custody or control" over the requested documents. Plaintiffs' motion to compel is otherwise DENIED.

Document Request Nos. 12 through19 and Interrogatory No. 16. In Request Nos. 12 through 19 and Interrogatory No. 16, Plaintiffs seek documents pertaining to "hazard analysis" and "systems safety analysis" for the subject lift and "lifts similar in design"; resumes of NES's "safety professionals" or "safety engineers"; and documents pertaining to the repair, rental history, or inspections of the subject lift. NES asserts that it has fully responded to these requests when it supplemented its discovery responses on July 23.

NES's representation is persuasive. Plaintiffs failed to file a reply brief to their motion to compel NES, and at oral argument Plaintiffs' counsel could not definitively articulate how

9

NES's responses were deficient, leaving the Court to wonder whether Plaintiffs have thoroughly reviewed NES's supplemental responses. Instead, Plaintiffs' counsel conclusorily asserted that NES did not sufficiently respond to the definition of certain terms in the Requests and Interrogatories, ignoring the fact that the Requests and Interrogatories posed to NES failed to define such terms. *See generally Shelley v. Hoenisch*, No. 08-cv-107-bbc, 2008 WL 2489927, at *2 (W.D. Wis. June 19, 2008) ("If plaintiff wants information from defendants, he must ask simple questions that are clear to the reader and can be answered with simple responses."). Furthermore, Plaintiffs failed to point to any relevant case law that defines such terms, nor did the Court encounter any in its own review. Therefore, NES's responses to Requests 12 through 19 and answers to Interrogatory No. 16 are deemed sufficient, and Plaintiffs' motion to compel with respect to these Requests and Interrogatories is DENIED.

Interrogatory No. 14. Plaintiffs asks NES to name "each and every fact" in support of its affirmative defenses. As explained with respect to JLG, Plaintiffs' request for "each and every fact" in support of NES's affirmative defenses is overly burdensome and invades the attorney-client privilege and work-product doctrine. *See Gregg*, 2009 WL 1325103, at *6; *Norwood*, 2008 WL 3852083, at *2. Therefore, Plaintiffs' motion to compel with respect to Interrogatory No. 14 is DENIED.

### D. Conclusion

Plaintiffs' motion to compel with respect to JLG (Docket # 162) is GRANTED IN PART in that JLG must amend its response to Document Request No. 23 and its answers to Interrogatory Nos. 16 and 18 on or before August 18, 2010. JLG's objection to its ongoing duty to supplement its answer to Interrogatory No. 1 under Rule 26(e) is SUSTAINED IN PART and

OVERRULED IN PART. Plaintiffs' motion to compel JLG is otherwise DENIED.

Plaintiffs' motion to compel with respect to NES (Docket # 164) is DENIED; however, NES is ordered to file the Affidavit with respect to Request No. 6 on or before August 18, 2010.

SO ORDERED.

Enter for August 4, 2010.

S/Roger B. Cosbey<br>Roger B. Cosbey,<br>United States Magistrate Judge