**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| **HUMBERTO GUSTAVO MENENDEZ, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:10-CV-00053** |
| ) | |
| **WAL-MART STORES EAST L.P., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court in this case involving an industrial accident is Plaintiffs' Motion to Compel the Wal-Mart Defendants to Allow the Plaintiffs to Complete a Site Inspection. (Docket # 251.) Although Wal-Mart does not oppose Plaintiffs' request to inspect the scene, it does object to what Plaintiffs intent to do: bring an aerial lift to the site inspection similar to the one involved in the accident.[1]

For the following reasons, Plaintiffs' motion to compel will be GRANTED as set forth in this Opinion and Order.

### *A. Factual and Procedural Background*

Plaintiffs sued Defendants for negligence in Hidalgo County, Texas, District Court after Humberto Gustavo Menendez became pinned between an overhead steel structure and an aerial lift basket on Wal-Mart's premises on November 20, 2006, resulting in his subsequent death. (Docket # 1.) Defendants timely removed this case to federal court in the Southern District of Texas on November 26, 2008, under 28 U.S.C. § 1332(a). (Docket # 1.) On February 11, 2010,

---

[1] Plaintiffs initially requested that the subject lift involved in the accident be provided, but the parties do not dispute that the subject lift is not available for the site inspection.

the case was transferred to the Northern District of Indiana. (Docket # 116.)

On June 8, 2010, the Court conducted a scheduling conference and set an August 1, 2011, deadline for the completion of all discovery. (Docket # 160.) On January 28, 2011, however, the Court vacated these deadlines, to be reset after it determined the applicable law in the case. (Docket # 206.) On June 2, 2011, after determining that Indiana law applies to this dispute (Docket # 213), the Court established the following deadlines: March 15, 2012, for the completion of fact discovery; April 16, 2012, for expert witness disclosures and reports by Plaintiffs and June 16, 2012, by Defendants; and August 15, 2012, for the completion of all discovery (Docket # 216).

On February 9, 2012, Plaintiffs sent a letter to Wal-Mart, stating that it wanted to inspect the accident scene with an aerial lift. (Pls.' Mot. to Compel ¶ 1; Wal-Marts' Resp. Ex. A.) After several letters between the parties, Wal-Mart advised Plaintiffs that they could not bring a lift to any inspection, must reveal what tasks they intend to undertake during the inspection, and would need to sign a site inspection agreement. (Pls.' Mot. to Compel ¶¶ 2-6; Wal-Marts' Resp. Exs. B-G.)

On March 15, 2012, the Court extended the discovery and expert disclosure deadlines at Plaintiffs' request, setting May 15, 2002, for fact discovery; June 18, 2012 for expert disclosures and reports by Plaintiffs and August 15, 2012, by Defendants; and October 15, 2012, for the completion of all discovery.[2] (Docket # 246.)

On April 17, 2012, Plaintiffs informed Wal-Mart that the restrictions being placed upon

---

[2] Also pending before the Court is Plaintiffs' request for an additional sixty-day extension of these deadlines (Docket #249), which the Court will address in a separate Opinion and Order.

them were unacceptable, emphasizing that all of the Defendants had the opportunity to have the subject lift at the accident scene to run tests and diagnostics, videotape the lift and the scene, and take measurements and photographs. (Pls.' Mot. to Compel ¶ 7.)  Wal-Mart states that it sent a letter to Plaintiffs two days later, enclosing a copy of its Site Inspection Agreement (Wal-Mart's Resp. ¶ 10); Plaintiffs, however, represent that they never received this correspondence. (Pls.' Mot. to Compel ¶ 8.)  On May 8, 2012, Plaintiffs filed the instant motion to compel. (Docket # 251.)

### B.  *Applicable Legal Standard*

Federal Rule of Civil Procedure 34(a)(2) states that "[a]ny party may serve on any other party a request . . . to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)."  However, "[t]he degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." 10A FEDERAL PROCEDURE § 26:616; *see Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 (S.D. Ga. 2012); *Lykins v. CertainTeed Corp.*, No. 11-2133, 2011 WL 6337631, at *4-6 (D. Kan. Dec. 19, 2011).  "Whether to permit an inspection pursuant to Rule 34 is within a court's discretion." *Lykins*, 2011 WL 6337631, at *4; *Welzel v. Bernstein*, 233 F.R.D. 185, 186 (D.D.C. 2005).

### C.  *Analysis*

Wal-Mart opposes Plaintiffs' request to bring an aerial lift to the site inspection, conclusorily asserting that it would potentially subject Wal-Mart to substantial liability if

3

damage to property or injury to persons occurred during the operation of the lift. Wal-Mart further posits that "Rule 34 does not permit the requesting party to bring heavy machinery, which requires a licensed operator to maneuver, onto the land so that the requesting party may conduct re-enactments." (Wal-Mart's Resp. 3.)

Contrary to Wal-Mart's assertion, Plaintiffs explicitly state that they do *not* desire to undertake a "re-enactment" of the accident; rather, they intend to take measurements and photographs. (Pls.' Reply 4, 9.) They explain that although at least five Defendants inspected the scene on the day of the accident and again one week later, only *one* measurement was produced in response to Plaintiffs' discovery requests for this information. (Pls.' Reply 4-8.) It is due to this information void, Plaintiffs elaborate, that they must conduct their own site inspection.

Moreover, Wal-Mart's bald contention that Rule 34 does not permit the requesting party to bring "heavy machinery" to a site inspection is without basis. Notably, Wal-Mart offers no citations in support of such a premise. Of course, "[w]here the burdens and dangers that would accompany a proposed study outweigh the degree to which the proposed study will aid in the search for the truth, the study should not be permitted." *Lykins*, 2011 WL 6337631, at *5. "But the inspectee must make a particularized showing of undue burden, danger, or other reason for blocking the inspection." *Scruggs*, 278 F.R.D. at 700 n.3 (internal quotation marks and citation omitted). "Vague, generalized assertions, therefore, will not suffice. The defendant must provide a detailed explanation as to the nature and extent of the claimed burden." *Id.* (internal quotation marks and citation omitted).

Here, however, Wal-Mart has made nothing more than conclusory, unsubstantiated

assertions regarding the safety risks that an inspection with a lift involves. Furthermore, Plaintiffs agree with Wal-Mart that only certified personnel should operate the aerial lift. (Pls.' Reply 11 n.5.) Thus, Wal-Mart has not shown with any particularity that Plaintiffs' proposed inspection with an aerial lift will pose such a safety risk that they should not be permitted to inspect the site. *See Lykins*, 2011 WL 6337631, at * 6 (overruling defendants' objections to plaintiff's proposed inspection). Accordingly, Plaintiffs' motion to compel the site inspection will be GRANTED in that Plaintiffs will be permitted to bring an aerial lift to the inspection.[3]

### *D. Conclusion*

Plaintiffs' Motion to Compel the Wal-Mart Defendants to Allow the Plaintiffs to Complete a Site Inspection (Docket # 251) is GRANTED in that Plaintiffs may conduct a site inspection and bring an aerial lift to the site. Plaintiffs must, however, comply with the terms of Wal-Mart's Site Inspection Agreement, except that the location to be inspected will include the loading docks of Buildings A and B and copies of any audio-recordings, photographs, or video recordings obtained during the inspection may be requested by a party through the discovery process.

SO ORDERED.

Enter for June 13, 2012.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge

---

[3] Although Plaintiffs object to the terms of the Wal-Mart Site Inspection Agreement as "too onerous" (Pls.' Reply 9), the Court finds them, for the most part, reasonable with the exception of paragraphs 5 and 7 concerning the specific location of the inspection and the provision of copies of audio, photo, or video recordings to Wal-mart (Wal-Mart's Resp. Ex. H). Accordingly, the location to be inspected will include the loading docks of Buildings A and B and copies of any audio-recordings, photographs, or video recordings obtained during the inspection may be requested by a party through the discovery process.