**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **HUMBERTO GUSTAVO MENENDEZ, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:10-CV-00053** |
| | ) | |
| **WAL-MART STORES EAST L.P., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Sanctions of Defendants Walton Construction

Company, Inc., and Walton Construction Company, LLC (together, "Walton") pursuant to

Federal Rule of Civil Procedure 37(a)(3)(B)(ii). (Docket # 250.)  Although sanctions are not

warranted since no order every issued, Plaintiffs are entitled to some relief since the motion was

filed after Walton failed to produce a representative in response to a notice of Rule 30(b)(6)

deposition.  Only after the motion was filed did Walton reverse course and agree to provide a

representative.

Accordingly, for the following reasons, the motion will be GRANTED to the extent that

Plaintiffs are entitled to the expenses they incurred in filing the motion.

### A.  Factual and Procedural Background

Plaintiffs sued Defendants for negligence in Hidalgo County, Texas, District Court after

Humberto Gustavo Menendez became pinned between an overhead steel structure and an aerial

lift basket on November 20, 2006, resulting in his subsequent death. (Docket # 1.)  Defendants

timely removed this case to federal court in the Southern District of Texas on November 26,

2008, under 28 U.S.C. § 1332(a). (Docket # 1.)  On February 11, 2010, the case was transferred

to the Northern District of Indiana. (Docket # 116.)

On June 8, 2010, the Court conducted a scheduling conference and set an August 1, 2011, deadline for the completion of all discovery. (Docket # 160.)  On January 28, 2011, however, the Court vacated these deadlines, to be reset after it determined the applicable law in the case. (Docket # 206.)  On June 2, 2011, after determining that Indiana law applies to this dispute (Docket # 213), the Court established the following deadlines: March 15, 2012, for the completion of fact discovery; April 16, 2012, for expert witness disclosures and reports by Plaintiffs and June 16, 2012, by Defendants; and August 15, 2012, for the completion of all discovery (Docket # 216).

On February 13, 2012, Plaintiffs issued a Notice of Rule 30(b)(6) deposition to Walton requesting convenient dates for the deposition. (Pls.' Mot. for Sanctions 2.)  On March 1, 2012, Plaintiffs sent a follow-up letter requesting a response to their February 13th letter. (*Id.*)  Later that same day, Walton's attorney responded, stating that Walton would be unable to produce a representative because it had gone through an "asset sale" in late 2010 and no longer had assets or employees. (*Id.*)

On March 15, 2012, the Court extended the discovery and expert disclosure deadlines at Plaintiffs' request, setting May 15, 2002, for fact discovery; June 18, 2012, for expert disclosures and reports by Plaintiffs and August 15, 2012, by Defendants; and October 15, 2012, for the completion of all discovery.[1] (Docket # 246.)

On April 18, 2012, Plaintiffs sent a letter to Walton requesting to meet and confer

---

[1] Also pending before the Court is Plaintiffs' request for an additional sixty-day extension of these deadlines (Docket #249), which the Court will address in a separate Opinion and Order.

concerning the deposition. (Pls.' Mot. for Sanctions 2.)  The next day, Walton's attorney responded that it was unclear what purpose a meet and confer would serve since Walton was "no longer an entity so there cannot be a 30(b)(6) representative to speak on behalf of a company that doesn't exist." (*Id*. at 2, Ex. 2.)  Again on April 27, 2012, Walton's attorney reiterated to Plaintiffs that no one would be produced in response to the Notice, instructing Plaintiffs to file a motion to compel if they wished. (*Id*. at 2, Ex. 3. ("Feel free to file your Motion to Compel as I cannot be compelled to produce someone who does not exist to speak on behalf of a company that does not exist.").)

On May 3, 2012, Plaintiffs filed the instant motion, attaching a plethora of public records evidencing that Walton is still an "active" entity and that at least three individuals continue to hold themselves out as its owners, presidents, managers, directors, or treasurers. (*See id*. at 3-6, Exs. 4-19.)  Accordingly, Plaintiffs requested that the Court compel Walton to produce a representative in response to their Rule 30(b)(6) Notice and conduct a hearing to determine appropriate sanctions. (*Id*. at 7.)  Six days after Plaintiffs filed the motion, Walton identified a corporate representative to Plaintiffs and offered four available dates for the 30(b)(6) deposition. (Walton's Resp. ¶ 9, Ex. D.)

### *B.  Applicable Legal Standard*

Federal Rule of Civil Procedure 37(a)(5)(A) governs the imposition, or shifting, of expenses related to a motion to compel.  It provides, in pertinent part:

> (A) If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). This Rule "presumptively requires every loser to make good the victor's costs . . . ." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787.

### C. Analysis

Here, Walton suggests that Plaintiffs' motion should be denied, arguing that Plaintiffs filed the motion before attempting to meet and confer in accordance with Rule 37(a)(5)(A)(i). Walton's characterization of the record, however, is unconvincing.

As recited earlier, after sending the Notice of deposition, Plaintiffs exchanged at least three letters with Walton in an attempt to resolve the matter without court involvement. In the second letter, Plaintiffs specifically requested to meet and confer with Walton on the matter. Although Walton did place a return call to Plaintiffs, in its written correspondence Walton's attorney stated that he was "unclear on what would be the purpose of the meet and confer," reiterating that "Walton is no longer an entity so there cannot be a 30(b)(6) representative to speak on behalf of a company that doesn't exist." (Pls.' Mot. for Sanctions Ex. 2.) Finally, in response to Plaintiffs' third letter, Walton's attorney shut down any opportunity to meet and confer:

[Y]our letter once again asks us to produce for deposition someone who does not exist. While we agree that Walton is a properly-named Defendant, my representation of that

4

entity does not change the fact that it does not currently exist. *Feel free to file your Motion to Compel* as I cannot be compelled to produce someone who does not exist to speak on behalf of a company that does not exist.

(*Id*. at Ex. 3 (emphasis added).)  Considering this correspondence, Walton's assertion that Plaintiffs failed to attempt to confer in good faith before seeking court involvement falls short.

Of course, "[c]orporations have a duty to make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the discovering party and to prepare those persons in order that they can answer fully, complete, unevasively, the questions posed by the discovering party as to the relevant subject matters." *Mintel Int'l Group, Ltd. v. Neerghen*, No. 08 CV 3939, 2008 WL 4936745, at *4 (N.D. Ill. Nov. 17, 2008) (internal quotation marks and citation omitted).  Here, Walton made no effort to fulfill this duty until *after* Plaintiffs independently researched the public records about Walton's status and filed the instant motion. *See generally Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-cv-2077, 2009 WL 395793, at *7-8 (C.D. Ill. Feb. 18, 2009) (awarding expenses where corporation failed to designate a knowledgeable representative for deposition in response to Rule 30(b)(6) notice).

Stated succinctly, under Rule 37(a)(5)(A), "the loser pays" unless it establishes "that [its] position was substantially justified." *Rickels*, 33 F.3d at 786-87.  Walton has not established that its position was substantially justified, and, accordingly, Plaintiffs' motion will be GRANTED to the extent that Plaintiffs are entitled to the expenses they incurred in filing the motion.

### *D. Conclusion*

Plaintiffs' Motion (Docket # 250) is GRANTED in that Walton is ORDERED to produce a representative for the 30(b)(6) deposition, which is to take place in the Northern District of Indiana or such other location as the parties mutually agree upon, and Plaintiffs are entitled to the reasonable

expenses they incurred in filing the Motion.  Plaintiffs are to file an affidavit evidencing such expenses by June 26, 2012.  Walton may file a response by July 6, 2012.  A reply, if any, is to be filed by July 13, 2012.

 SO ORDERED.

 Enter for June 13, 2012.

S/Roger B. Cosbey   
Roger B. Cosbey,
United States Magistrate Judge
