UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **HUMBERTO GUSTAVO MENENDEZ, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-00053 |
| ) | |
| **WAL-MART STORES EAST L.P., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Extension of Time to Complete the Court's Pretrial Order Deadlines of March 15, 2012, seeking a sixty-day extension of the discovery and expert disclosure deadlines. (Docket # 249.) All of the Defendants, with the exception of NES, oppose Plaintiffs' request. (Docket # 265, 266.)

For the following reasons, Plaintiffs' request for an extension will be GRANTED.

*A. Factual and Procedural Background*

Plaintiffs sued Defendants for negligence in Hidalgo County, Texas, District Court after Humberto Gustavo Menendez became pinned between an overhead steel structure and an aerial lift basket on November 20, 2006, resulting in his subsequent death. (Docket # 1.) Defendants timely removed this case to federal court in the Southern District of Texas on November 26, 2008, under 28 U.S.C. § 1332(a). (Docket # 1.) On February 11, 2010, the case was transferred to the Northern District of Indiana. (Docket # 116.)

On June 8, 2010, the Court conducted a scheduling conference and set an August 1, 2011, deadline for the completion of all discovery. (Docket # 160.) On January 28, 2011, the Court vacated these deadlines, to be reset after it determined the applicable law in the case. (Docket #

206.) On June 2, 2011, after determining that Indiana law applies to this dispute (Docket # 213), the Court established the following deadlines: March 15, 2012, for the completion of fact discovery; April 16, 2012, for expert witness disclosures and reports by Plaintiffs and June 16, 2012, by Defendants; and August 15, 2012, for the completion of all discovery (Docket # 216).

On March 15, 2012, the Court extended the discovery and expert disclosure deadlines at the Plaintiffs' request, setting May 15, 2002, for fact discovery; June 18, 2012 for expert disclosures and reports by Plaintiffs and August 15, 2012, by Defendants; and October 15, 2012, for the completion of all discovery. (Docket # 246.) On May 3, 2012, however, Plaintiffs filed the instant motion, seeking another sixty-day extension of these deadlines.

### B. Applicable Legal Standard

"Extensions are governed by Rule 6 of the Federal Rules of Civil Procedure . . . ." *Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322, 324 (7th Cir. 2010). "A motion filed before the deadline may be granted 'for good cause' . . . ." *Id.* (citing Fed. R. Civ. P. 16(b)); *see United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

### C. Analysis

Here, Plaintiffs articulate five reasons why they need an extension of the discovery and

expert disclosure deadlines: (1) to complete a site inspection, the particulars of which have been disputed by the Wal-Mart Defendants and is the topic of a pending motion to compel (Docket # 251); (2) the Walton Defendants' failure to produce a corporate representative in response to a Rule 30(b)(6) Notice of deposition, which is the topic of another pending motion (Docket # 250); (3) to conduct a second Rule 30(b)(6) deposition of Defendant JLG due to JLG's refusal to answer certain questions pertaining to an anti-entrapment device during the first deposition, which is the subject of another pending motion to compel (Docket # 252); (4) to depose Cindy Rogers, a former Wal-Mart employee, which was proposed by Defendants for June 11, 2012, but then later withdrawn; and (5) the parties' need to confer and agree on a protocol for Defendant NES's recent request to remove the control panel of the subject lift to study the key switch mechanism.

In response, Defendants contend that *none* of these proffered reasons establish good cause for an extension of the discovery and expert disclosure deadlines because Plaintiffs waited until February 2012—three-and-a-half years after filing the case—to first request this discovery. Defendants also contend that Plaintiffs did not exercise due diligence because they knew about some of these issues prior to the March 15, 2012, hearing but failed to raise them at that conference (*see* Docket # 246), choosing instead to wait until early May to file the instant motions.

Defendants' rather harsh characterization of Plaintiffs' delays, however, ignores the extensive procedural record in this case. As stated earlier, the case was originally filed in a Texas state court in October 2008, removed to federal court in Texas (Docket # 1), and later an interlocutory appeal was filed with the Fifth Circuit Court of Appeals (Docket # 102-109). In

3

February 2010, the case was transferred from Texas to this Court (Docket # 116), and pretrial order deadlines were established (Docket # 160) but later vacated (Docket # 206); these deadlines were reset in June 2011 after determination of the applicable state law (Docket # 216). Thus, although this is a three-year-old case and a number of scheduling orders have been entered, the actual time allotted to discovery has been considerably shorter. In fact, Plaintiffs have only requested one prior extension to the discovery and expert disclosure deadlines (Docket # 243), which the Court granted on March 15, 2012 (Docket # 246).

Moreover, although it would have been most prudent for Plaintiffs to request this discovery earlier, some of the delays are obviously attributable in part to the actions of other parties. For example, the Walton Defendants failed to properly respond to Plaintiffs' notice of Rule 30(b)(6) deposition and identify a corporate representative. JLG refused to answer questions about anti-entrapment measures in the first 30(b)(6) deposition, causing Plaintiffs to issue a notice of second 30(b)(6) deposition. Defendants objected to the Ross deposition proceeding on June 11, 2012, even though that was one of the dates *they* had offered to Plaintiffs. And NES, who does not object to Plaintiffs' request for extension, recently raised the key switch issue, triggering the parties' work on a protocol for examination of the control panel. As Plaintiffs explain, they had a duty to meet and confer with Defendants about each of these discovery disputes in an attempt to resolve them before requesting the Court's involvement; therefore, Defendants' assertion that all of these issues should have been raised and resolved at the March 15, 2012, conference is not persuasive. Furthermore, no Defendant suggests that it will be prejudiced by an extension, and the dispositive motion deadline and trial dates have not yet been set in this matter.

4

Therefore, "[w]hile the Court would not normally be sympathetic to the parties' inability to complete discovery in a three-year-old case, the particular circumstances of this action warrant a short extension of the discovery schedule so that the parties can fully present their arguments to this Court." *Gay v. Chandra*, No. 05-cv-0150, 2008 WL 4369290, at *3 (S.D. Ill. Sept. 23, 2008). For these reasons, the Court finds that there is "good cause" for an extension of the discovery and expert disclosure deadlines, and therefore Plaintiffs' motion for an extension will be GRANTED. The parties are cautioned, however, that no further extensions to discovery will be granted.

### *D. Conclusion*

Plaintiffs' Motion for Extension of Time to Complete the Court's Pretrial Order Deadlines of March 15, 2012 (Docket # 249) is GRANTED. The pretrial deadlines are extended as follows: September 15, 2012, for the completion of all fact discovery; October 15, 2012, for Plaintiffs' expert disclosures and reports; December 15, 2012, for Defendants' expert disclosures and reports; and February 15, 2013, for the completion of all discovery. No further extensions will be granted.

SO ORDERED.

Enter for June 13, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge