UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HUMBERTO GUSTAVO MENENDEZ, et al., ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES EAST L.P., et al., ) <br> ) <br> **Defendants.** ) | CAUSE NO. 1:10-CV-00053 |

## OPINION AND ORDER

Before the Court is Defendant JLG Industries, Inc.'s Amended Motion to Quash Deposition and Subpoena Duces Tecum (Docket # 257), seeking to quash the second notice of Rule 30(b)(6) deposition and subpoena duces tecum issued by Plaintiffs to JLG and its corporate representative, Brent Hoover.[1] For the following reasons, JLG's motion to quash will be DENIED.

### A.  *Factual and Procedural Background*

Plaintiffs sued Defendants for negligence in Hidalgo County, Texas, District Court after Humberto Gustavo Menendez became pinned between an overhead steel structure and an aerial lift basket on November 20, 2006, resulting in his subsequent death. (Docket # 1.)  Defendants timely removed this case to federal court in the Southern District of Texas on November 26, 2008, under 28 U.S.C. § 1332(a). (Docket # 1.)  On February 11, 2010, the case was transferred to the Northern District of Indiana. (Docket # 116.)

---

[1] Also before the Court is Plaintiffs' Motion to Compel JLG to Answer Certified Questions (Docket # 252), which will be GRANTED to the extent it seeks leave to conduct a second Rule 30(b)(6) deposition of JLG; the Motion to Compel will otherwise be DENIED AS MOOT.

On June 8, 2010, the Court conducted a scheduling conference and set an August 1, 2011, deadline for the completion of all discovery. (Docket # 160.)  On January 28, 2011, the Court vacated these deadlines, to be reset after it determined the applicable law in the case. (Docket # 206.)  On June 2, 2011, after determining that Indiana law applies to this dispute (Docket # 213), the Court established the following deadlines: March 15, 2012, for the completion of fact discovery; April 16, 2012, for expert witness disclosures and reports by Plaintiffs and June 16, 2012, by Defendants; and August 15, 2012, for the completion of all discovery (Docket # 216).

On February 10, 2012, Plaintiffs issued a Notice of Rule 30(b)(6) deposition to JLG, and on February 24, 2012, deposed its corporate representative, Brent Hoover. (Def.'s Am. Mot. 1.) The Notice identified forty-four areas of inquiry and sought the production of forty-two categories of documents. (Def.'s Am. Mot. 1.)  During the deposition, Hoover was repeatedly instructed by his lawyer not to answer questions posed by Plaintiffs pertaining to an anti-entrapment safety device. (Pls.' Resp. 2.)

On March 15, 2012, the Court extended the discovery and expert disclosure deadlines at the Plaintiffs' request, setting May 15, 2002, for fact discovery; June 18, 2012 for expert disclosures and reports by Plaintiffs and August 15, 2012, by Defendants; and October 15, 2012, for the completion of all discovery.[2] (Docket # 246.)  On April 27, 2012, Plaintiffs issued a Second Notice of 30(b)(6) deposition to JLG, identifying fourteen areas of additional inquiry—primarily pertaining to an anti-entrapment safety device—and seeking the production of thirteen categories of documents. (Def.'s Am. Mot. Ex. A.)

---

[2] Also pending before the Court is Plaintiffs' request for an additional sixty-day extension of these deadlines (Docket #249), which the Court will address in a separate Opinion and Order.

### B. Applicable Legal Standard

Federal Rule of Civil Procedure 26(c) provides that a court, upon motion by a party or person from whom discovery is sought, "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden expense, including . . . forbidding the disclosure or discovery . . . ."  The Seventh Circuit Court of Appeals has confirmed that "[d]istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).  It has cautioned, however, that "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Id*. (internal quotation marks and citation omitted).

### C. Analysis

JLG asks that the Court quash Plaintiffs' Second Notice of 30(b)(6) deposition, arguing that it is a "thinly disguised effort to undertake discovery after the existing discovery deadline," seeks evidence that is not relevant, and is unnecessarily cumulative and burdensome.  JLG also emphasizes that Plaintiffs failed to seek and obtain leave of Court pursuant to Rule 30(a)(2) in order to take a second deposition of its corporate representative.  None of JLG's arguments, however, merit granting the motion to quash.

Plaintiffs' first argument is easily disposed of since the Court in a separate Opinion and Order is granting Plaintiffs' request to extend the discovery and expert disclosure deadlines. Therefore, sufficient time remains in the discovery period for Plaintiffs to take the second deposition of Mr. Hoover.

Moreover, Plaintiffs' assertion that the second notice seeks evidence that is not relevant is unpersuasive. JLG, citing Federal Rule of Evidence 407, argues that any evidence pertaining to its anti-entrapment device is a subsequent remedial measure and thus is not admissible to prove liability. *See Flaminio v. Honda Motor Co., Ltd.*, 733 F.2d 463, 369 (7th Cir. 1984) (explaining that the preclusion of subsequent remedial measures is to "promote safety by removing the disincentive to make repairs (or take other safety measures) after an accident that would exist if the accident victim could use those measures as evidence of the defendant's liability"). More particularly, JLG states that it only announced the roll-out of its anti-entrapment safety device, called "Skyguard," six months ago, and thus it cannot possibly be relevant to the 2006 accident at issue in this case because it did not even exist in 2004 when the subject lift was manufactured.

But JLG's focus on Federal Rule of Evidence 407 is misplaced, as what is admissible does not define what is discoverable; discovery need only be "reasonably calculated to lead to the discovery of admissible evidence." *Abbott v. Lockheed Martin Corp.*, No. 06-cv-701, 2009 WL 511866, at *2 (S.D. Ill. Feb. 27, 2009) (citing Fed. R. Civ. P. 26(b)(1)). "This standard is broad." *Id*. Thus, a party "may be able to obtain discovery of items that could be precluded from admission at trial under Rule [407.]" *Clark v. Experian Info. Solutions, Inc.*, No. 03 C 7882, 2006 WL 931677, at *3 (N.D. Ill. Apr. 10, 2006). Furthermore, Rule 407 "itself indicates that evidence of subsequent measures can be offered for other purposes such as proving . . . feasibility of precautionary measures, if controverted, or can be used for impeachment." *Phillips v. Leitz Tooling Sys.*, No. 3:06-cv-77, 2007 WL 4438863, at *1 (S.D. Ind. Dec. 12, 2007); *see Stallings v. Union Pac. R.R. Co.*, No. 01 C 1056, 2003 WL 21317297, at *10 (N.D. Ill. 2003)

(allowing discovery of subsequent remedial measures). On that front, Mr. Hoover testified in the first 30(b)(6) deposition that JLG was aware as early as the 1970s that operators using one of its pieces of equipment can be entrapped between the carriage and an overhead object resulting in serious injury or death. (Hoover Dep. 63-64.) Thus, allowing this discovery could lead to the discovery of admissible evidence pertaining to the feasibility issue, that is, whether an anti-entrapment safety device was available at the time the subject lift was manufactured.

And as to JLG's contention that the second notice of deposition is cumulative and overly burdensome, that argument is hard to square with the objection JLG raised during the first deposition—that questions pertaining to an anti-entrapment safety device were outside the scope of the deposition notice. Since JLG's counsel instructed Mr. Hoover *not* to answer any questions pertaining to the anti-entrapment safety device, it is difficult to understand how the second notice of deposition seeking such information could be cumulative.

And finally, JLG seeks to quash the second notice of deposition because Plaintiffs issued it without seeking and obtaining leave of Court pursuant to Federal Rule of Civil Procedure 30 (a)(2). Indeed, Plaintiffs failed to procedurally comply with Rule 30(a)(2) by seeking and obtaining leave of Court to serve the second notice. *See In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005) (declaring the second notice of Rule 30(b)(6) deposition invalid where defendants served it without leave of court). However, since the intended deposition date, May 14, 2012, has now come and gone, the Court will construe Plaintiffs' Motion to Compel JLG to Answer Certified Deposition Questions (Docket # 252) as a request for leave of Court to take a second 30(b)(6) deposition of JLG.

Therefore, JLG's motion to quash will be DENIED, and Plaintiffs will be GRANTED

leave to conduct a second 30(b)(6) deposition of JLG, limited to the areas of inquiry raised in Plaintiffs' Second Notice of Deposition. (*See* Def.'s Am. Mot. Ex. A.)  Plaintiffs' motion to compel, however, will otherwise be DENIED AS MOOT as the Court will direct that the second deposition take place at the E. Ross Adair Federal Building and United States Courthouse in Fort Wayne, Indiana, on a date approved by the Court so that the undersigned Magistrate Judge can immediately rule on any objections posed during the deposition if the need arises.

### *D.  Conclusion*

Defendant's Amended Motion to Quash Deposition and Subpoena Duces Tecum (Docket # 257) is DENIED.  Plaintiffs' Motion to Compel Defendant JLG Industries, Inc. to Answer Certified Deposition Questions (Docket # 252) is GRANTED to the extent it seeks leave of Court to conduct a second 30(b)(6) deposition of JLG, limited to the areas of inquiry raised in Plaintiffs' Second Notice of Deposition; the Motion to Compel is otherwise DENIED AS MOOT.  The deposition shall take place at 1130 E. Ross Adair Federal Building and United States Courthouse in Fort Wayne, Indiana, on a date approved by the Court so that the undersigned Magistrate Judge can rule on any objections posed during the deposition if the need arises.

SO ORDERED.

Enter for June 13, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge