UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| HUMBERTO GUSTAVO MENENDEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-00053 |
| | ) | |
| WAL-MART STORES EAST L.P., et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Before the Court in this industrial accident case is Defendant NES Equipment Services

Corporation's Motion for Leave to File Amended Answer to Plaintiffs' Complaint (Docket #

248), seeking to amend its answer to (1) assert twenty additional affirmative defenses that would

be applicable should it be found to have a duty related to the manufacture or design of the aerial

lift at issue in this case, and (2) add non-party, Honeywell Hobbs, the manufacturer/vendor of the

key switch on the lift.  Plaintiffs oppose NES's motion, contending that NES failed to act with

due diligence in seeking to add these affirmative defenses, the addition of the nonparty is futile,

and the proposed amendment near the close of discovery is unduly prejudicial.

For the following reasons, NES's motion to amend will be DENIED.

*A.  Factual and Procedural Background*

Plaintiffs sued Defendants for negligence in Hidalgo County, Texas, District Court after

Humberto Gustavo Menendez became pinned between an overhead steel structure and an aerial

lift basket on November 20, 2006, resulting in his subsequent death. (Docket # 1.)  Defendants

timely removed this case to federal court in the Southern District of Texas on November 26,

2008, under 28 U.S.C. § 1332(a). (Docket # 1.)  On February 11, 2010, the case was transferred

to the Northern District of Indiana. (Docket # 116.)

On June 8, 2010, the Court conducted a scheduling conference and set an August 1, 2011,

deadline for the completion of all discovery; thirty days after the Court rules on the choice of law

issue as the deadline for any amendments to the pleadings by Plaintiffs; and forty-five days after

the Court rules on the choice of law issue as the deadline for any amendments to the pleadings by

Defendants. (Docket # 160.)  On January 28, 2011, the Court vacated the discovery deadlines, to

be reset after it determined the applicable law in the case. (Docket # 206.)

On May 24, 2011, the Court determined that Indiana law applies to this dispute. (Docket

# 213, 215.)  Shortly thereafter, the Court established the following deadlines: March 15, 2012,

for the completion of fact discovery; April 16, 2012, for expert witness disclosures and reports by

Plaintiffs and June 16, 2012, by Defendants; and August 15, 2012, for the completion of all

discovery (Docket # 216).  On March 15, 2012, the Court extended the discovery and expert

disclosure deadlines at Plaintiffs' request, setting May 15, 2002, for fact discovery; June 18,

2012, for expert disclosures and reports by Plaintiffs and August 15, 2012, by Defendants; and

October 15, 2012, for the completion of all discovery.[1] (Docket # 246.)

### B.  Applicable Legal Standard

Leave to amend a pleading is freely given when justice so requires. Fed. R. Civ. P.

15(a)(2).  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d

715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice,

---

[1] Also pending before the Court is Plaintiffs' request for an additional sixty-day extension of these deadlines (Docket # 249), which the Court will address in a separate Opinion and Order.

or futility. *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Federal Rule of Civil Procedure 16 because once the district court has filed a pretrial scheduling order pursuant to Rule 16 establishing a time table for amending pleadings, that rule's standards control. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *BKCAP, LLC v. Captec Franchise Trust 2000-1*, 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010). Thus, "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *BKCAP*, 2010 WL 1222187, at *2 (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see Alioto*, 651 F.3d at 719 (collecting cases). "[T]he good cause standard focuses on the diligence of the party seeking the amendment." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571); *see Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

### C. Analysis

Here, the deadline for NES to amend its pleadings was May 24, 2011—that is, forty-five days after the Court ruled that Indiana law applies to this matter. Therefore, because NES's motion was filed after the deadline, it must first establish "good cause" for the untimely amendment.

To that end, NES states that Plaintiffs' complaint alleges NES was negligent only in the maintenance of the lift but not its manufacture or design. At NES's Rule 30(b)(6) deposition,

however, Plaintiffs' questioning suggested that NES had a duty—independent of JLG Industries, Inc., the manufacturer and designer of the lift—to perform certain tests or analyses on the lift prior to procuring it and offering it for rental.  Although NES denies that it has such a duty, it now desires to amend its answer to assert twenty additional affirmative defenses arising out of Indiana's Product Liability Act—including the defenses of sudden emergency, that the injury was not foreseeable to NES, and intervening or superseding cause—that would be applicable should NES be found to have a duty related to the manufacture or design of the lift.

NES also contends that as a result of JLG's 30(b)(6) deposition in February 2012, NES learned that JLG was taking the position that the key switch of the lift was designed such that the key could only be removed when placed in the "off" position.  Since the key was not in the lift at the time of the accident, NES has now deduced, however—ostensibly for the first time—that the key switch itself was defectively manufactured.  Accordingly, NES wants to add the manufacturer/vendor of the key switch, Honeywell Hobbs, as a non-party, emphasizing it has acted with "reasonable promptness" under Indiana Code § 34-51-2-16, which governs the naming of a nonparty whose existence was not previously known to a defendant when the statute of limitations expired.

NES's proffered reasons for the untimely amendment, however, fall short of providing good cause to amend its answer at this stage of the proceedings.  The amendment comes almost one year after Defendants' deadline for amendments, and the discovery period will soon close. The Court is unconvinced that NES could not have, with the exercise of reasonable diligence, anticipated the need for these twenty affirmative defenses much sooner than May 1, 2012. Allowing NES to add these defenses when discovery is in its final stages would unduly prejudice

Plaintiffs, as they have already questioned NES's corporate representative about the facts

underlying its affirmative defenses at the 30(b)(6) deposition on January 17, 2012. *See*

*Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (stating that an amendment

to a pleading that forces additional discovery can be unduly prejudicial).

Moreover, NES was present on the scene on the day of the accident and then returned one

week later for further investigation.  Thus, they have known for more than three years that the

key was not in the lift at the time of the accident.  And as the rental company offering the subject

lift, NES is certified in operating and servicing it.  Given this knowledge, NES's suggestion that

it only recently became aware of the potentially-defective key switch is unconvincing.

Furthermore, as Plaintiffs emphasize, the addition of Honeywell Hobbs as a non-party

seems redundant and immaterial with respect to their case against NES since JLG, the designer

and manufacturer of the lift, is a party to this litigation. *See Campania Mgmt. Co. v. Rooks, Pitts*

*& Poust*, 290 F.3d 843, 850 (7th Cir. 2002) ("A court may determine that a proposed amendment

is futile if it sets forth facts or legal theories that are redundant, immaterial, or unresponsive to

the allegations in the complaint.").  Indeed, it would seem that JLG, rather than NES, would be

the party to seek to add Honeywell.  Yet, JLG has remained silent on the matter, even though it

ostensibly knew sometime after its initial inspection of the subject lift—that is, more than three

years ago—that the lift was not operating as designed relative to the key switch issue.

Consequently, the addition of Honeywell at this late stage would unduly prejudice Plaintiffs' case

against JLG, the most likely benefactor of NES's initiative to add nonparty Honeywell Hobbs.

*See, e.g.*, *Mayer v. Farrel Corp.*, No. 91 C 20194, 1993 WL 398623, at *4 (N.D. Ill. Oct. 8,

1993) (denying motion to amend answer where the timing of defendant's motion threatened

5

plaintiff with substantial prejudice).

Therefore, for all these reasons, NES's motion to amend its answer will be DENIED.

### D.  Conclusion

For the foregoing reasons, Defendant NES Equipment Services Corporation's Motion for

Leave to File Amended Answer to Plaintiffs' Complaint (Docket # 248) is DENIED.

SO ORDERED.

Enter for June 13, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge