UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **HUMBERTO GUSTAVO MENENDEZ** ) | |
| deceased by Marla Melissa Menendez ) | |
| representative, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-53 |
| ) | |
| **WAL-MART STORES EAST LP, et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' motion to compel Defendant JLG Industries, Inc. (Docket # 288), requesting that the Court compel JLG to fully respond to their request for the production of documents. Because Plaintiffs failed to comply with Local Rule 37-1(a), the motion will be DENIED.

*A.  Procedural Background*

Defendants timely removed this negligence action from Hidalgo County, Texas, District Court to federal court in the Southern District of Texas on November 26, 2008, under 28 U.S.C. § 1332(a). (Docket # 1.) On February 11, 2010, the case was transferred to the Northern District of Indiana. (Docket # 116.)

On June 8, 2010, the Court conducted a scheduling conference and set an August 1, 2011, deadline for the completion of all discovery. (Docket # 160.) This deadline has since been extended to: September 15, 2012, for the completion of fact discovery; October 15, 2012, for expert disclosures and reports by Plaintiffs and December 15, 2012, by Defendants; and February 15, 2013, for the completion of all discovery. (Docket # 206, 213, 216, 246, 277.)

Plaintiffs filed the instant motion to compel on July 27, 2012 (Docket # 288), contending that JLG produced "only partial documents" in response to their February 29, 2012, request for production of documents. Plaintiffs contend that they need these documents prior to the deposition of JLG's corporate representative, which is scheduled for August 14, 2012.

### B. Discussion

Local Rule 37-1(a) requires that "[a] party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." The certification shall include the date, time, and place of the conference or attempted conference and the names of all persons participating. N.D. Ind. L.R. 37-1(a).

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (citation and internal quotation marks omitted); *Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Here, Plaintiffs failed to comply with L.R. 37-1(a), as they did not file a separate certification stating that they had conferred in good faith or attempted to confer with JLG in an effort to resolve the matter without court action. Instead, the motion and supporting materials show that Plaintiffs' counsel merely sent several letters to JLG's counsel. (Mot. to Compel 2.)

Several letters sent to counsel, however, falls short of a good faith attempt at a conference.

*See Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference); *see also Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-cv-841, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."). Letters merely "recit[ing] each parties' general stance on the issue rather than any type of bartering or negotiations . . . does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)." *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527, 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007).

To reiterate, "[t]he requirement to meet-and-confer must be taken seriously, because before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (citation and internal quotation marks omitted). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

Consequently, Plaintiffs' motion to compel will be denied for failing to comply with Local Rule 37-1(a).

*C.  Conclusion*

For the foregoing reasons, Plaintiffs' Motion to Compel Defendant JLG Industries, Inc., and Motion to Shorten Briefing Schedule (Docket # 288) is DENIED.  The motion can be renewed, if necessary, after counsel conduct a conference, or Plaintiffs show that a conference was attempted. *See Shoppell,* 2009 WL 2515817, at *2.

SO ORDERED.

Enter for the 30th day of July, 2012.

          S/Roger B. Cosbey
          Roger B. Cosbey
          United States Magistrate Judge